IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 29 2018
PER ___ Amo
DEPUTY CLERK

LUCKENSON DORCEANT,
Petitioner

V.

ALLENWOOD LSCI,
Lt CHEUNG,
Respondent

3:18cv250

CIVIL NO TO BE ASSIG~~NED~~

PLACE OF CONFINEMENT ALLENWOOD LSCI

PRISONER ID NUMBER 73681-004

## EMERGENCY WRIT OF MANDAMUS

Comes Now, Luckenson Dorceant, hereinafter Petitioner. Petitioner being a layman in law, but proceed PRO-SE, under the standard of Haines v. Kerner, 404 U.S. 519, 30 LED. 2d 652, 92 S. Ct. 594 (1972): Pro-se-litigants pleadings are to be construed liberally and held to less strigent standard than formal pleadings drafted by lawyers.

Petitioner's legal books were confiscated by officer Sierp on November 12, 2017. Whom gave them to Lt Cheung. BOP policy does not permit the confiscation of Inmates legal documents and legal books. Petitioner's legal books should be return to him for the following reasons:

1) B.O.P Policy/Program statement prohibit the seisure of Inmates legal papers, motion, documents and legal books...ct...

2) Counselor Snyder was advise by Inmate of the situation on January 3, 2018, to which Lt Cheung stated that Inmate needs to Provide a receipt for the books.

1

3) Inmate can not provide a receipt, due to the fact that half 1/2 of his personal property thrown to the waste bin/ hot trash by officer Sierp.

4) The 7 legal books in question were confiscated in Petitioner's legal bin, by officer Sierp.

5) Two weeks upon Petitioner arrival in the (SHU) saggregate Housing Unit, Lt Cheung had Petitioner signed a document to send the legal books along with some non-legal books home, to which he did. But he did not present the books for a visual nor did he give a Confiscation sheet to Petitioner. Emphasis added. BOP Policy require a Confiscation sheet that entail the Items that were Confiscated & the reason why to their confiscation. Lt Cheung violated that Policy. Further, Petitioner Inquired on his legal books. In response Lt Cheung told him that he would check on that, but did not. Deliberately!

6) On January 19, 2018, Petitioner had a conversation with Lt Cheung, anew. Petitioner only wanted his legal books. Lt Cheung response was how do I know that they are yours? In response Petitioner stated the name on them (some of them) are Lucky 30s, the same name on my Indictment. Lt Cheung stated I will give them to you next week. That is a Ploy, because by next week Petitioner might be transfer to a novo facility.

7) B.O.P Policy does not dictate that Inmate must write their name in or on their books. Meaning their legal name, therefore an alias is welcome also.

8) Petitioner arrive at Allenwood LSCI on October 30, 2016 with the legal books, which is well documented.

9) If officer (Lt) Cheung new that the books did not belong to Petitioner he would not have Petitioner signed a document to send the books home.

10) If Petitioner is to be transfer without his 7 legal books he shall lose the books and over $2,000.00, he invested to purchased them.

This Court should grant the authorization of this Writ of Mandamus because the proposed petition satisfies the requirement of such a Writ. Specifically, Petitioner can make a prima facie showing that the petitions clearly and unequivocally demonstrate abuse of authority.

To the extent there is any debate about whether Petitioner is entitled to relief, Petitioner contends that the debate should be settled in the first instance by this Court. And Petitioner has 120 days from the day that the properties were seized to lose them, utterly. Which will be sometime in March 2018.

The staff member action had the effect of depriving Petitioner of right secured by the Constitution and the laws of the United States. Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that commands to the Inmate. In a government of laws, existence of the government will be imperiled if it fails to observe the laws scrupulously.

### Conclusion

For all the reasons, Petitioner asks that the court enter an Order compelling Lt Cheung to return Petitioners legal books to him.

Respectfully Submitted                      Date 1-22-18

Luckenson Dorceant

3.

INMATE NAME/NUMBER: Vincent Livingson #73681-004
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD LSCI
P.O. BOX 1000
WHITE DEER, PA 17887

RECEIVED
SCRANTON
JAN 29 2018
PER _____ DEPUTY CLERK

Office of the Clerk
U.S. District Court
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Ave
P.O. Box 1148
Scranton, P.A. 18501-1148

18501-114848